**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DAVID COHAN, on behalf of himself and all other similarly situated persons, known and unknown,

        Plaintiff,

v.

MEDLINE INDUSTRIES, INC.,

        Defendant.

Case No.

**COMPLAINT AT LAW**

Plaintiff, David Cohan ("Cohan"), on behalf of himself and all other similarly situated persons, known and unknown (the "Putative Class"), by and through his attorneys, Caffarelli & Siegel Ltd., for his Complaint at Law against Defendant Medline Industries, Inc. ("Medline"), states as follows:

**NATURE OF ACTION**

1. This is a nationwide class action for damages, injunctive relief, and any other available relief due to Plaintiff and the Putative Class, caused by Defendant's unlawful policy and practice of deducting wages in violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115.1 *et seq.* ("IWPCA").

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over all counts within this action pursuant to 28 U.S.C. §§ 1332(d) (diversity jurisdiction per the Class Action Fairness Act of 2005 ("CAFA")).

3. With regard to the Court's original jurisdiction pursuant to the CAFA, the aggregate amount in controversy exceeds $5M (exclusive of interest and costs), there is minimal diversity between the parties, there are well over 100 plaintiffs in the Putative Class, and upon information and belief less than one-third of the members of the Putative Class are citizens of Illinois.

4. The Defendant is an Illinois corporation having its principal office at One Medline Place, Mundelein, IL 60060 (Lake County). Accordingly, venue in the Northern District of Illinois, Eastern Division, is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff David Cohan, a resident of New York, is a former employee of Defendant Medline. Plaintiff worked for Medline from 1992 until 2013. In March 1999, he signed a formal Employment Agreement with Medline. See Plaintiff's Employment Agreement, attached as Exhibit A ("Employment Agreement"). In 2007, Plaintiff transitioned from the General Line sales force to the Advanced Wound Care ("AWC") sales force for Medline. See Plaintiff's Agreement Regarding Continued Employment, attached as Exhibit B ("Continued Employment Agreement").

6. The members of the Putative Class are current and former employees of Medline, who work(ed) as Salespeople for the Defendant. Some or all of the Putative Class worked in the AWC sales force. Putative Class members are employed nationwide by Medline.

7. Plaintiff and the members of the Putative Class entered into Illinois Choice of Law agreements with Defendant, exemplified by ¶ 18 of Plaintiff's Employment Agreement.

8. Defendant Medline is an Illinois corporation with its principle office in Mundelein, Illinois. Medline does business and employs Salespeople nationwide

## CLASS ALLEGATIONS

9. Plaintiff brings this action on behalf of himself and all the members of the Putative Class.

10. Plaintiff represents, and is a member of, the Putative Class defined as follows:

"All persons within the United States who (1) were employed as Salespeople for Medline (2) within the ten years prior to the filing of the original Complaint in this action, (3) who were paid at least in part pursuant to a commission plan based on sales growth year over year by month for their assigned territories, (4) who had any amounts deducted from their commissions due to any lack of growth year over year by month, (5) without having entered into an agreement allowing Defendant to take those deductions or having provided consent for Defendant to take those deductions, and (6) who have entered into an Illinois choice of law agreement with Medline."

11. Plaintiff does not know with certainty the number of members in the Putative Class at this time, but reasonably estimates that the Putative Class includes over 250-300 individuals nationwide, drawn from over the statutory period. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

12. This action is brought as a class action under Fed. R. Civ. P. 23 because the Putative Class is so numerous that joinder of all class members is impracticable.

13. Plaintiff and members of the Putative Class were harmed by acts of the Defendant in at least the following way: Defendant unlawfully deducted significant amounts of money from Plaintiff's and Putative Class members' commission compensation, based upon those employees' failure to grow sales year over year for their assigned territories, without obtaining any kind of written agreement or prior written consent for the deduction.

14. The Putative Class members may be reluctant to raise individual claims for fear of retaliation, or for fear that bringing an individual claim against a former employer may hinder their ability to find new employment.

15. This suit seeks only damages and any other relief permitted under the IWPCA. Plaintiff reserves the right to expand the Class definition as warranted, as facts are learned in further investigation and discovery.

16. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class.

17. Plaintiff, the Putative Class, and Defendant have a commonality of interest in the subject matter and remedy sought.

18. Plaintiff is able to fairly and adequately represent and protect the interests of the Putative Class. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

19. Plaintiff's Counsel is competent and experienced in class and complex litigation.

20. If individual actions were required to be brought by each member of the class affected, the result would be a multiplicity of actions, creating a hardship to the Putative Class, to the Court and to Defendant. Accordingly, a class action is not only appropriate, but the superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with the law. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

21. Defendant has acted on grounds generally applicable to the Putative Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Putative Class as a whole.

## FACTUAL ALLEGATIONS

22. Plaintiff entered into a formal Employment Agreement with Medline on or around March 25, 1999. The Employment Agreement sets forth the terms and conditions of Plaintiff's

employment as a Salesperson for Defendant, including a section regarding compensation in ¶ 6 of the Employment Agreement.

23. On or around November 26, 2007, Plaintiff entered into his Continued Employment Agreement with Medline. The Continued Employment Agreement provided that Plaintiff would transition from the General Line sales force to the AWC sales force by December 3, 2007, and provided for the compensation structure for his work on the AWC sales force.

24. Specifically, the terms of Plaintiff's compensation pursuant to the Continued Employment Agreement included a base salary plus commissions. The commission plan was based on sales growth year over year for Plaintiff's assigned territory.

25. Except as otherwise provided by the Continued Employment Agreement, Plaintiff continued after 2007 to be employed by Medline subject to the provisions of the March 25, 1999 Employment Agreement.

26. Pursuant to the agreement between the parties, any failure by Plaintiff to obtain growth in sales year over year should have resulted in him receiving no commission payment for those sales.

27. Instead, since Plaintiff began working pursuant to his Continued Employment Agreement, in any month in which he failed to obtain a growth in sales based on the previous year's sales, Defendant would deduct compensation from his commission payments.

28. Plaintiff estimates that Defendant has deducted approximately $70,000 per year from his commission compensation since December 2007, pursuant to its policy and practice of deducting commission compensation when sales do not grow year over year.

29. The Putative Class, defined above, is compensated pursuant to the same type of commission plan ("based on sales growth year to year") as Plaintiff.

30. During the statutory period, Defendant on a monthly basis has deducted and still deducts compensation from the Putative Class members' commission payments when they do not obtain growth in sales year over year in their territories.

31. Due to Defendant's policy and practice of deducting money from commission payments based on the failure to grow sales year over year, Plaintiff and members of the Putative Class have suffered a significant loss in wages.

## COUNT I
## VIOLATION OF THE ILLLINOIS WAGE PAYMENT AND COLLECTION ACT
**(National Class Action against Medline)**

32. Plaintiff incorporates paragraphs 1 through 31, as if fully restated herein.

33. Defendant entered into written agreements with Plaintiff and all members of the Putative Class, stating in essence that the individual's commissions on sales would be based on sales growth year over year for the employee's assigned territory.

34. Defendant had a duty to provide Plaintiff and all members of the Putative Class with compensation pursuant to the agreements entered into between the parties.

35. Defendant has not entered into any type of agreement with Plaintiff or any member of the Putative Class, providing Defendant with the authority to deduct money from commission payments based on the failure to grow sales year over year.

36. Neither Plaintiff nor any member of the Putative Class have provided Defendant with express written consent to deduct money from commission payments based on the failure to grow sales year over year.

37. The deductions of money from commission payments as described herein were not for the benefit of Plaintiff or any of the Putative Class members.

38. Defendant violated the IWPCA by deducting wages from commission payments when Plaintiff and/or members of the Putative Class failed to secure growth in sales year over year, as described herein.

WHEREFORE, Plaintiff and the Putative Class respectfully request that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23;

b) Appointing Plaintiff as Class Representatives and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IWPCA;

d) Awarding prejudgment interest on the back pay per 815 ILCS 205/2;

e) Awarding statutory damages per the formula set forth in 820 ILCS 115/14(a);

f) Awarding reasonable attorneys' fees and costs per 820 ILCS 115/14(a);

g) Entering an injunction precluding Defendant from violating the IWPCA; and

h) Ordering such other and further relief as this Court deems appropriate and just.

Dated: March 14, 2014                      Respectfully submitted,

Alejandro Caffarelli, #06239078            DAVID COHAN, on behalf of himself and
Lorraine T. Peeters, #06290434             all other similarly situated persons, known
Caffarelli & Siegel Ltd.                   and unknown
180 North Stetson Ste. 3150
Chicago, IL  60601                         By: /s/ Alejandro Caffarelli
Tel. (312) 540-1230                             Attorney for Plaintiff