# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAVID COHAN, on behalf of himself and all other similarly situated persons, known and unknown,

    Plaintiff,

v.

MEDLINE INDUSTRIES, INC.,

    Defendant.

No. 14 CV 1835

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

David Cohan sued his former employer, Medline Industries, Inc., alleging that it improperly withheld some of his wages. Cohan brought suit on behalf of himself and a proposed nationwide class. The proposed class consists of current and former Medline employees whose wages were allegedly subject to improper deductions. (A motion for class certification was filed, but is not ripe for ruling.)

Count I is a nationwide class action claim brought under the Illinois Wage Payment and Collection Act. Brought alternatively to Count I, Count II alleges violations of the wage payment statutes of thirty states, and divides the statutes (and the nationwide class) into four groups.

Medline moved to dismiss both counts on the grounds that Cohan, a New York resident, lacks standing to pursue a claim under the wage payment statute of any state other than New York. For the reasons discussed below, Medline's motion is denied.

I.   **Standing**

Medline brought its motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Cohan lacks standing to bring his claims. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.' One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 570 US ---, 133 S. Ct. 2652, 2661 (2013) (internal citation omitted). To establish standing, Cohan must show that "he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). "As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

Medline argues that the Illinois Wage Payment and Collection Act does not apply to Cohan because he lived and worked in New York, not Illinois. (Medline argues likewise for the other twenty-eight states listed in the complaint.) But that is an argument on the merits, not standing. *See Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 535–36 (7th Cir. 2011) (holding that dismissal on the grounds that the Illinois Consumer Fraud Act does not protect customers outside Illinois is a dismissal on the merits, not on standing); *see also Boundas v. Abercrombie & Fitch Stores, Inc.*, 2011 U.S. Dist. LEXIS 133880, at *5–7 (N.D. Ill. Nov. 21, 2011) (explaining that dismissal on the grounds that the Ohio Consumer Sales Practices Act does not cover transactions outside Ohio is a dismissal on the merits, not on standing). Medline

questions whether the IWPCA applies to its relationship with Cohan. This is a question about what conduct a statute reaches, and that is a merits question; it does not implicate the tribunal's power to hear the case. *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 851 (7th Cir. 2012) (en banc).

Standing in the class action context can and should be evaluated with respect to the individual named-plaintiff and later—in the event a class is certified—with respect to the class as a whole. *See Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002). For present purposes, Cohan alleges that Medline improperly withheld some money from him. A court can redress that injury by ordering Medline to pay Cohan. Nothing more is required for standing. *See Morrison*, 649 F.3d at 536.

Count II, which is brought in the alternative to Count I, seeks liability under the wage payment statutes of thirty different states. Cohan cannot piggy-back on the injuries of unnamed class members. *Payton*, 308 F.3d at 682. But Cohan does have standing in the Article III sense because he was directly injured by Medline. *See Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008) (when deciding standing, courts must look at the case as a whole and not separate the claims for which plaintiff will be entitled to relief from those for which he will not). Whether his claim should proceed as an IWPCA or a multi-state action is a different question. *See Morrison*, 649 F.3d at 536 ("If the Illinois Consumer Fraud Act law does not apply because events were centered outside Illinois, then plaintiffs must rely on some other state's law; this application of choice-of-law principles has nothing to do with standing, though it may affect whether a class should be certified—for a class

action arising under the consumer-fraud laws of all 50 states may not be manageable, even though an action under one state's law could be."); *see also Payton*, 308 F.3d at 681 (holding that named plaintiffs, who were injured by only two out of the nineteen defendants, may nonetheless be entitled to represent a class suing all nineteen defendants).[1]

Cohan has standing to bring the claim in Count I or, in the alternative, Count II. Medline's Rule 12(b)(1) motion is denied.

## II. The Application of the IWPCA to Cohan

I consider Medline's argument about the application of the IWPCA to Cohan under the standard of Rule 12(b)(6). I construe the complaint in the light most favorable to Cohan, accept as true all well-pleaded facts, and draw reasonable inferences in his favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Rule 12(b)(6) limits my consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

---

[1] The court in *In re Dairy Farmers of Am., Inc., Cheese Antitrust Litig.*, 2013 U.S. Dist. LEXIS 119962, at *27–28 (N.D. Ill. 2013) dismissed on Article III grounds the claims under the laws of states where named plaintiffs did not reside or purchase the products at issue. Medline asks me to follow that court's reasoning and cabin Count II to a New York-law-only claim. The discussion of standing in *In re Dairy Farmers*, *id.*, is difficult to square with the Seventh Circuit's language in *Morrison*, 649 F.3d at 536, and *Arreola*. In *Arreola*, the court of appeals cautioned courts against conflating the standing inquiry with the inquiry into the plaintiff's suitability to serve as a class representative. 546 F.3d at 795. Cohan may very well be an inadequate class representative (whether Illinois, New York, or other states' laws govern this case), and the class he purports to represent may not satisfy the other requirements of Rule 23. But, *In re Dairy Farmers* notwithstanding, I find he has Article III standing to sue Medline.

4

The complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### A. Facts[2]

Cohan, a resident of New York, worked in sales for Medline from 1992 until 2013. FAC ¶ 5. The parties signed formal employment agreements in 1999 and 2007. FAC at ¶¶ 5, 25, 28. Under the 2007 agreement, Cohan's compensation included a base salary plus commissions. FAC ¶ 29. Cohan alleges that Medline took improper deductions from his commissions. Specifically, he alleges that pursuant to his agreement with Medline, if Cohan did not obtain sales growth, he should have received no commissions from sales. Contrary to that agreement, Medline deducted money from his commission payments when Cohan failed to achieve sales growth. FAC ¶¶ 33–34. Cohan alleges that this deduction of wages violated the IWPCA. FAC ¶ 48.

Medline is an Illinois corporation and its principal office is in Illinois. FAC ¶ 8. When Cohan was hired, he attended a mandatory week-long training session in Illinois. FAC ¶ 26. Twice per year he attended mandatory meetings, lasting three to four days each, with Medline personnel in Illinois. FAC ¶ 30. Cohan's 1999

---

[2] The facts recited are taken from the first amended class action complaint (Dkt. 14), which is cited as "FAC."

5

employment agreement contained a choice-of-law and choice-of-forum provision, stating in full:

> This Agreement shall be governed in all respects by the laws of the State of Illinois. Any disputes arising under this Agreement shall be tried in the Courts sitting within the State of Illinois, and [Cohan] hereby consents and submits his person to the jurisdiction of any such Court for such purpose.

FAC ¶ 7; FAC Ex. A ¶ 18.

### B. Analysis

The parties dispute whether the IWPCA applies to Cohan, who is a New York resident. The IWPCA states its scope explicitly: "This Act applies to all employers and employees in this State, including employees of units of local government and school districts, but excepting employees of the State or Federal governments." 820 ILL. COMP. STAT. § 115/1. The Seventh Circuit has held that the IWPCA does not have "extraterritorial reach." *Glass v. Kemper Corp.*, 133 F.3d 999, 1000–1001 (7th Cir. 1998). Affirming dismissal of the plaintiff's IWPCA claim, the *Glass* court stated, "The plaintiff is not, and at no time relevant to this suit was he, a resident of Illinois. Nor did he perform any work in Illinois; all the work that he did for the defendants was done in Spain." *Id.* at 1000. In *Adams v. Catrambone*, 359 F.3d 858, 860–61 (7th Cir. 2004), the plaintiff was a Michigan resident and the defendant was an Illinois corporation. The plaintiff did "substantial" work for the defendant in 2001 and 2002, "most" of which took place in Illinois. *Id.* at 861. The district court, interpreting *Glass*, dismissed the IWPCA claim solely because the plaintiff was not an Illinois resident. *Id.* at 862. The Seventh Circuit reversed, holding that the

IWPCA covers employees who work in Illinois for Illinois employers, even if the employees are not Illinois residents. *Id*. at 863.

Medline is therefore correct when it states that "[a] plaintiff who is not a resident of Illinois *and did not perform any work* in Illinois is not entitled to relief under the IWPCA . . . ." Dkt. 26 at 5 (emphasis added). But that statement is not helpful here, because Cohan performed *some* work in Illinois. For example, as part of his job, Cohan traveled to Illinois twice per year for meetings lasting three to four days each time. FAC ¶ 30. And there may be more, as Cohan was not required to plead every fact concerning his work in Illinois. *See Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) ("In federal court under Rule 8, the rules are simple. Notice is what counts. Not facts.").

In its reply brief, Medline argues that Cohan's meetings do not constitute *enough* work in Illinois to earn him IWPCA protection. Dkt. 35 at 2. Courts in this district have rejected that argument at the motion to dismiss stage. For example, in *Spaulding v. Abbott Labs.*, 2010 U.S. Dist. LEXIS 123532 (N.D. Ill. Nov. 22, 2010), Judge Feinerman denied a motion to dismiss without prejudice to raising the argument at a later stage. *Id*. at \*17 ("If the facts adduced in discovery indisputably show that Spaulding did not perform sufficient work in Illinois to warrant coverage under the Wage Act, Abbott may raise this argument on summary judgment."). Judge Dow took the same approach in *Baxi v. Ennis Knupp & Assocs.*, 2011 U.S. Dist. LEXIS 99857, at \*46–48 (N.D. Ill. Sept. 2, 2011).

Medline responds that Cohan needed to allege more than that he worked in Illinois—he needed to allege that the work he did in Illinois related directly to the commissions that are the focus of his claim. Dkt. 35 at 2. In support, Medline cited *Chen v. Quark Biotech, Inc.*, 2004 U.S. Dist. LEXIS 11029, at *22 (N.D. Ill. June 15, 2004). But, as Judge Dow stated in *Baxi*, it is not "readily clear" from *Glass* and *Adams* whether the work for which plaintiff seeks compensation must have been performed in Illinois. *See Baxi*, 2011 U.S. Dist. LEXIS 99857, at *47–48. Moreover, *Chen* was decided at summary judgment, not on a motion to dismiss. Even assuming *Chen* correctly stated the law, dismissal at this stage is not warranted: accepting the complaint's allegations as true and considering only the complaint and its attachment, I cannot say that Cohan's work in Illinois was so unrelated to his commissions that his IWPCA claim should be dismissed.

I am persuaded that the approach taken in *Spaulding* and *Baxi* is the correct one, and I therefore deny Medline's motion to dismiss.[3]

---

[3] In denying Medline's motion, I do not adopt Cohan's argument that the Illinois choice-of-law and choice-of-forum provision in the parties' contract entitles Cohan to the protections of the IWPCA. *See* Dkt. 29 at 2–5. Cohan's argument is unpersuasive: standard choice-of-law and choice-of-forum contract provisions do not extend the reach of state statutes. *See Cromeens Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 385–86 (7th Cir. 2003) (holding that, notwithstanding choice-of-law contractual provisions, out-of-state dealers were not protected by the Illinois Franchise Disclosure Act). Like the defendants in *Spaulding* and *Baxi*, Medline is free to re-raise its argument after factual development concerning how much work Cohan did in Illinois and the connection between that work and his commissions.

## III. Conclusion

For the foregoing reasons, Medline's motion to dismiss [25] is denied.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 8/27/14